1  CUAUHTEMOC ORTEGA (Bar No. 257443)
   Federal Public Defender
2  ERIN MURPHY (Bar No. 285087)
   (E-Mail: erin_murphy@fd.org)
3  Deputy Federal Public Defender
   321 East 2nd Street
4  Los Angeles, California 90012-4202
   Telephone: (213) 894-2854
5  Facsimile: (213) 894-0081

6  Attorneys for Defendant
   MARIA ISABEL ORTIZ SIFUENTES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:25-CR-00568-SCC |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANT'S SENTENCING POSITION; EXHIBIT A** |
| MARIA ISABEL ORTIZ SIFUENTES, | |
| Defendant. | |

Defendant Maria Isabel Ortiz Sifuentes, by and through her counsel of record, Deputy Federal Public Defender Erin Murphy, submits her position on sentencing. For the reasons stated below, Ms. Sifuentes requests a sentence of time-served, which at the time of her change of plea will amount to 45 days in custody for this Class B misdemeanor.

                                Respectfully submitted,

                                CUAUHTEMOC ORTEGA
                                Federal Public Defender

DATED: July 22, 2025            By  /s/ Erin Murphy
                                ERIN MUPRHY
                                Deputy Federal Public Defender
                                Attorney for MARIA ISABEL
                                ORTIZ SIFUENTES

**SENTENCING MEMORANDUM**

**I. INTRODUCTION**

40-year-old[1] Maria Isabel Ortiz Sifuentes comes before the Court for her arraignment, guilty plea, and sentencing per her agreement to plead to the single-count information charging a Class B Misdemeanor violation of 8 U.S.C. § 1325(a)(1), improper entry by an undocumented person. (Plea Agmt., ECF No. 14 at 1–2.) She seeks immediate sentencing, which the parties agree is appropriate. (*Id.* at 4.) She also seeks forthwith release so that she may enter ICE custody to facilitate her return to Mexico as soon as possible.

45 nights ago, on June 8, 2025, Ms. Ortiz Sifuentes was a passenger on a boat that was found off the California coast near Long Beach. (Compl., ECF No. 1 at 2.) She and the other passengers were captured by law enforcement and brought to shore, where she was detained and the instant action commenced. She has remained in custody since then.[2] (Ex. A, Mins. of IA, ECF No. 5.)

By promptly agreeing to plead guilty, Ms. Ortiz Sifuentes not only saved increasingly scarce government and court resources, but she took responsibility for her conduct. She waived indictment, venue, and all her trial rights. And while this was regrettably not the first time she allegedly entered the country unlawfully, this will be her last. The last 45 days in custody have been agony for her. Although she came into this country to improve the lives of her young children in Mexico, she now knows that she cannot help her kids if she is in custody here. She is eager to return to Mexico, be with her family, and put this nightmarish chapter behind her.

For these reasons, and those below, Ms. Ortiz Sifuentes respectfully requests this Court impose an immediate sentence of time-served with a forthwith release.

---

[1] She will be 41 years old on July 24, 2025.
[2] It appears Ms. Ortiz Sifuentes was first detained on June 8, 2025, the date of the arrest, and was in Border Patrol custody for two days until she was first brought for her initial appearance on the criminal Complaint. (ECF No. 1 at 2–3.)

1

## II.  A TIME-SERVED SENTENCE IS JUST UNDER 18 U.S.C. § 3553

The parties agree that the guidelines do not apply here because Ms. Ortiz Sifuentes is pleading to a Class B misdemeanor.  (Plea Agmt., ECF No. 14 at 4; *see also* U.S.S.G. § 1B1.9 (providing that the Sentencing Guidelines do not apply to Class B misdemeanors).)  The statutory sentencing factors under 18 U.S.C. § 3553(a),[3] however, still apply. *See United States v. Booker*, 543 U.S. 220 (2005). In the *post-Booker* world, this Court is required to fashion an individualized sentence that is appropriate when considering *all* of the § 3553(a) factors.  *Gall v. United States,* 552 U.S. 38, 128 S. Ct. 586, 596-97 (2007); *Carty,* 520 F.3d at 991, 995.  Indeed, the *Kimbrough* Court held that the district court "appropriately framed its final determination in line with § 3553(a)'s *overarching instruction* to 'impose a sentence sufficient, but not greater than necessary' to accomplish the sentencing goals advanced in§ 3553(a)(2)." 552 U.S. at 111 (emphasis added); *see Carty* 520 F.3d at 994.

Here, a time-served sentence is sufficient, but not greater than necessary to achieve the goals of sentencing.

### A.    Nature and Circumstances of the Offense

Ms. Ortiz Sifuentes admits her conduct was unlawful and stipulates to the factual basis in the plea agreement. (Plea Agmt., ECF No. 14 at 4.) She entered the country without permission, and she is not a citizen. She was apprehended on a boat in the ocean near the coast. She came here not to cause harm or hurt anyone.  She was looking for a job that would pay what most Americans would call an unlivable wage, but which would help support her young children and mother in Mexico.

---

[3] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a).

2

### B. Ms. Ortiz Sifuentes's History and Characteristics

Ms. Ortiz Sifuentes is the 40-year-old mother of two minor children. She grew up in the state of Zacatecas, Mexico, where she lives with her mother and children. Zacatecas is in central Mexico and is a popular tourist destination in Mexico because of its Spanish colonial history.

When her father passed away when she was a teen, she left high school to help support her mother and two brothers. Then, she had her children with a man who eventually became an alcoholic and beat her during her last pregnancy. Having left him, it has been her sole responsibility to earn money for her children. In Zacatecas, she worked as a street vendor selling food, snacks, and drinks to tourists who visited the nearby plazas on the weekends. She also worked in bakeries making cakes and other treats. Coming to the United States, she hoped to do similar work for more money and send it back to her children and mother.

To that end, she tried to enter the United States earlier this year in May and was removed about 9 days later. Unfortunately, Ms. Ortiz Sifuentes returned on a boat on June 8, 2025. (Compl., ECF No. 1 at 1.)  No evidence suggests she was anything but a passenger who would have paid dearly to people who likely took advantage of her desperation. Of course, this was a crime and she knew better. That she committed this crime so soon after doing the same thing in New Mexico would naturally beg the question, "why is this time different?"

This time is different because Ms. Ortiz Sifuentes has now spent 45 harrowing days in custody at the Metropolitan Detention Center. Her time in custody has been a nightmare. She has endured harassment from cellmates who are facing charges far more serious than she is. She rarely gets to speak with her family. She cries every day and barely sleeps, terrified of what the next day holds and desperate to see her children again. The isolation from her support system in Mexico, and above all, time away from her small children have punished her every moment of these 45 days.  Although she came to the United States for her children, she knows now she will never leave them

again. She is resolved to earn the equivalent of her GED in Mexico and return to the work she was doing while living with her mom and two children. None of what she hoped to accomplish here is worth the pain and suffering she has caused her family.

**C.  A time-served sentence will help avoid unwarranted sentencing disparities.**

Imposing a time-served sentence here will not give Ms. Ortiz Sifuentes an unfair windfall. Time-served sentences amounting to less than 45 days have been imposed in the following § 1325(a)(1) and § 1326 matters:

*United States v. Gabriel Vivar*, 25-CR-376 (FMO), J&C, ECF No. 24 (C.D. Cal. May 23, 2025)

*United States v. Julio Gonzales Higuera*, 25-CR-00058 (JGB), J&C, ECF No. 18 (C.D. Cal. March 11, 2025)

*United States v. Alejandro Campos Ornelas*, 25-CR-00091 (JDE), J&C, ECF No. 19 (C.D. Cal. June 10, 2025)

*United States v. Jose Salazar Cebreros*, 25-CR-00195 (KK), J&C, ECF No. 24 (C.D. Cal. June 11, 2025)

While every case and person are different, these sentences suggest that a time-served sentence here would be within the heartland of what is typically imposed in cases like this. For this reason, too, a time-served sentence is appropriate here. To avoid a lengthy overstay in BOP custody, the defense also respectfully requests that the time-served sentence be paired with a forthwith release order. This will ensure that she enters ICE custody as soon as possible and to return to Mexico.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: July 22, 2025    By  */s/ Erin Murphy*
ERIN MURPHY
Deputy Federal Public Defender
Attorney for MARIA ISABEL ORTIZ SIFUENTES